IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 11-cv-00443-RPM

J & J SPORTS PRODUCTIONS, INC.,
as Broadcast Licensee of the November 13, 2010
Pacquiao/Margarito Broadcast,

      Plaintiff,

v.

FLORENTINO M. HERNANDEZ, Individually,
doing business as 1970 Tino's Place Rest. & Bar
also known as Tino's Place Restaurant and Bar
also known as Tino's Place,

      Defendant.
_____

ORDER FOR ENTRY OF DEFAULT JUDGMENT
_____

      Plaintiff filed its Complaint on February 23, 2011 alleging that Defendant unlawfully intercepted and exhibited the Pacquiao/Margarito program within its commercial establishment located at 2357 East Platte Pl., Colorado Springs, Colorado, at the time of its transmission on November 13, 2010, willfully, and for purposes of direct or indirect commercial advantage or private financial gain.

      On March 19, 2011, copies of the Summons and Complaint were served on Defendant, Florentino M. Hernandez, Individually, and d/b/a 1970 Tino's Place Rest. & Bar, a/k/a Tino's Place Restaurant and Bar, a/k/a Tino's Place, as set forth in the proof of service, which was filed with the Court on March 25, 2011.  The Clerk filed an entry of default on May 19, 2011.

      The Complaint and the Affidavit of Plaintiff's President, Joseph Gagliardi, submitted

1

simultaneously, allege that Plaintiff is the owner of the distribution rights to the November 13, 2010 program.  For a fee, commercial establishments could legitimately receive an unscrambled signal, enabling them to view the program by contracting with the Plaintiff.  Through the use of methods requiring the performance of some deliberate and willful act, potential purchasers, such as the Defendant herein, illegally obtained programs without paying the Plaintiff for the rights to exhibit said event.

Defendant's display of the program was verified by the affidavit of an auditor, John Rich.  He reports that he entered Defendant's business location by paying a $10 cover charge and saw 7 television sets exhibiting a portion of the encrypted broadcast.  He observed approximately 90 individuals in the bar, which had an estimated capacity of 101-200 persons.  It is fair to infer that an increased number of customers was drawn by the fight resulting in increased sales of food and beverages.  The auditor recorded video of Plaintiff's program being shown and showed an advertisement for the November 13, 2010 program in the bar.

The plaintiff is unable to determine the means of interception of the signal, but the showing for a commercial purpose violated the law protecting the plaintiff, who has exclusive rights to distribute the program.

It is therefore ordered that the Clerk shall enter Judgment in favor of Plaintiff J & J Sports Productions, Inc., as Broadcast Licensee of the November 13, 2010, Pacquiao/Margarito Broadcast, for statutory damages under 47 U.S.C. § 605(e)(3)(C)(i)(II) of $10,000.00, for enhanced statutory damages under 47 U.S.C. § 605(a) of $35,000.00, plus attorneys' fees and costs of $2079.00 pursuant to 47 U.S.C. § 605(e)(3)(B)(iii), totaling $47,079.00.

Dated: August 15, 2011

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge